# In the United States Court of Federal Claims

No. 16-376C
(Filed July 5, 2017)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                   *
                                   *
BOARD OF REGENTS OF                *
THE NEVADA SYSTEM OF               *
HIGHER EDUCATION,                  *
on behalf of THE DESERT            *
RESEARCH INSTITUTE,                *
                                   *
          Plaintiff,               *
                                   *
     v.                            *
                                   *
THE UNITED STATES,                 *
                                   *
          Defendant,               *
     and,                          *
                                   *
OAK RIDGE ASSOCIATED               *
UNIVERSITIES,                      *
                                   *
          Defendant-Intervenor.    *
                                   *
* * * * * * * * * * * * * * * * * *
```

## ORDER

The Court has reviewed intervenor's request that certain information be redacted from the opinion filed under seal May 31, 2017. The documents filed by the parties in this case are subject to a protective order precluding disclosure of "information that must be protected to safeguard the competitive process, including source selection information, proprietary information, and confidential information." Protective Order ¶ 1. Although there is "a presumption of public access to judicial records," *Baystate Techs., Inc. v. Bowers*, 283 F. App'x 808, 810 (Fed. Cir. 2008), which may extend to "materials on which a court relies in determining the litigants' substantive rights," *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986), the Supreme Court has recognized that this right "is not absolute," and may not allow access to "business information that might harm a

litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); *see also In re Reporters Comm. for Freedom of the Press*, 775 F.2d 1325, 1332–33 (D.C. Cir. 1985) (citing *Nixon*, 435 U.S. at 597–98). As a result, protective orders are routinely used in bid protest cases, for which the record often includes confidential proposals containing proprietary information such as non-public prices, business methods, and perhaps even the manner in which information is presented.

It does not follow, however, that all information conveyed in a proposal must be redacted from a judicial opinion. A description may be so general, or a method so common, that it would be unreasonable to remove it from an opinion, particularly if this might render the ruling unintelligible. The common law presumption of public access rests, after all, on the notion "that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system." *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 9–10 (1st Cir. 1998) (citation and internal quotation marks omitted); *see also Baystate Techs.*, 283 F. App'x at 810 (same); *Madison Servs., Inc. v. United States*, 92 Fed. Cl. 120, 131 (2010) (same). Moreover, the posture of the procurement at issue must be considered, as matters that may have been confidential within a proposal may become public through performance of a contract the award of which was unsuccessfully protested.

In this case, the Court finds the majority of the requested redactions to be unjustified. Intervenor contends that the information it seeks to protect is "proprietary and confidential trade secret information" and cites the exemption from Freedom of Information Act disclosures for such information, 5 U.S.C. § 552(b)(4), in support of its requests. Int.'s Request for Redactions of Protected Information Contained in Sealed Opinion and Order (Int.'s Request) at 1–2 . But very few of the requested redactions concern information that could be meaningfully described as proprietary or as embodying trade secrets.

Intervenor wants removed from the opinion all references to the fact that it proposed use of part-time labor in the performance of the contract. As this court has previously found, the proposed use of part-time labor under a contract is not usually the sort of information that should be redacted from a bid protest opinion. *Inspace 21 LLC v. United States*, No. 15-364C, 2016 WL 4611057, at *2 (Fed. Cl. Sept. 6, 2016). The proposed use of part-time employees is frequently discussed in even heavily-redacted bid protest opinions, *see FirstLine Transp. Sec., Inc. v. United States*, 119 Fed. Cl. 116, 123–24 (2014); *Survival Sys. USA, Inc. v. United States*, 102 Fed. Cl. 255, 265 (2011); *Tech Sys., Inc. v. United States*, 98 Fed. Cl. 228, 256 (2011); *Advanced Data Concepts, Inc. v. United States*, 43 Fed. Cl. 410, 420 (1999). Accordingly, the references to the proposed or past use of part-time employees will not be redacted from the opinion, although references to the extent and manner of their use have been redacted.

- 3 -

While the mere use of part-time employees is not protectable, the Court agrees that the number of Full Time Equivalents (FTEs) recommended by intervenor should be redacted.  The specific number does not meaningfully contribute to, and its absence would not detract from, the comprehensibility of the opinion and could conceivably aid intervenor's competitors.  Accordingly, the number of proposed FTEs will be redacted.

Intervenor also oddly requests redaction of a reference to its having proposed to bill certain of its labor costs as Other Direct Costs (ODCs) and the comparison in the opinion between the amount of labor costs billed as direct labor compared to those billed as ODCs.  Int.'s Request at 4–5.  But how a contractor *bills* the government, under government-provided line items, does not reveal anything about how the contractor *performs* the required work.  Accordingly, this information will not be redacted.  The opinion will be reissued, reflecting the above-discussed redactions.

**IT IS SO ORDERED.**

s/ Victor J. Wolski  
**VICTOR J. WOLSKI**  
Judge